**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 9 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

MIKE LAVALLEE; ROD SCHULTZ;
KEN SHATTO; DAVID PRUYNE;
ROBERT VERBICKAS; BRENT
GALL; JAMES BOND,

Defendants-Appellees.

No. 03-1138
(D.C. No. 00-CR-481-D)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

This matter comes before the court on the government's interlocutory notice of appeal and motion for stay pending appeal. The government seeks an order directing the district court for the District of Colorado to continue the criminal trial in this case to permit a primary witness to physically recover enough to testify.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Citing 18 U.S.C. § 3731, the government argues that it is entitled to appeal immediately from the district court's denial of its motion to continue the trial because the ruling had the practical effect of excluding the witness' testimony. That statute authorizes the government to appeal certain interlocutory orders, including

> a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

*Id.*

After reviewing the district court's order, we conclude that the denial of a continuance did not have the "practical effect" of excluding the witness' testimony. *See United States v. McVeigh*, 106 F.3d 325, 330 & n.3 (10th Cir. 1997). We note first that the district court has offered to suspend the trial if and when the witness recovers sufficiently to finish his deposition. More importantly, it was not the district court who precluded the witness from testifying. Instead, outside circumstances prevented the witness from attending the trial or completing his deposition, and the district court was simply refusing to delay the trial. This is not the equivalent of excluding the testimony.

Because the government is not authorized to appeal this ruling under § 3731, we must dismiss its appeal for lack of jurisdiction. *See McVeigh*, 106 F.3d at 332-33. The government has suggested that, in the alternative, we should construe its appeal as a petition for a writ of mandamus. The government is not entitled to mandamus relief, however, as it cannot show a "clear and indisputable" right to the continuance. *Will v. United States*, 389 U.S. 90, 96 (1967) (further quotations omitted). The government's appeal is DISMISSED for lack of jurisdiction, and its request for alternative mandamus consideration is DENIED. Because we lack jurisdiction, the motion for stay is DENIED as moot.

ENTERED FOR THE COURT
PER CURIAM